IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL SANTIAGO GOMEZ,**<br>    Petitioner,<br><br>        v.<br><br>**UNITED STATES OF AMERICA,**<br>    Respondent. | *<br>*<br>*<br>*<br>*     **CIVIL NO. 05-2245(DRD)**<br>*<br>*<br>*<br>* |

**OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 habeas corpus petition (D.E. #1)[1]. Petitioner, a prisoner appearing pro se, also filed a supporting brief (D.E. #1). Respondent filed a response to the Petition (D.E. #6). For the reasons discussed below, the Court finds the Petition warrants DENIAL.

I. BACKGROUND

On November 14, 2201, a Federal Grand Jury returned a three count Indictment charging the Petitioner Angel Santiago Gomez (hereinafter "Petitioner" or "Santiago-Gomez") and another co-defendant with conspiring to possess with intent to distribute more than five hundred grams of cocaine, in violation of Title 21 U.S.C. Sec. 8419(a)(1) and Title 21 U.S.C. Sec. 846, as well as possessing a firearm in violation of Title 18 U.S.C. Sec. 924(c)(10(A)(I).

On April 12, 2002, Petitioner, pled guilty to Counts Two and

---

[1] D.E. is an abbreviation of docket entry number.

Civil No. 05-2245(DRD)                                              Page 2

Three of the Indictment filed in criminal case 01-726(HL) (D.E.36)[2]. On September 27, 2002, Petitioner was sentenced to a term of imprisonment of thirty seven (37) months as to Count Two, and Sixty (60) consecutive months as to Count Three. Concurrent terms of supervised release of three (3) years, and a special monetary assessment of two hundred ($200.00) dollars were also imposed (Crim. D.E. 53).

Petitioner appealed his sentence to the First Circuit. The First Circuit affirmed his sentence. United States v. Angel Santiago Gomez, Appeal No. 02-2479 (1st Cir. August 31, 2004) (unpublished).

On November 30, 2005,Petitioner moved to vacate, set aside or correct the Court's sentence pursuant to 28 U.S.C. Sec. 2255. The Government responded on March 12, 2007 and the matter was then ready for disposition.

**II. DISCUSSION**

In his Petition under 28, U.S.C. Sec. 2255, Petitioner alleges that his counsel was ineffective because: a) the plea was not made knowingly or with understanding of the charge or its consequences; petitioner had no idea that the sentence for the weapon's charge was to be consecutively imposed, or the meaning of the term; and b) counsel failed to file a petition for certiorari. Petitioner claims that if his counsel would have filed a petition of certiorari before the Supreme Court of the United States, the same may have been pending before the Court when it decided United States v. Booker, 543 U.S. 220(2205), and his case might have been remanded.  Except for

---

[2]The remaining count was dismissed.

Civil No. 05-2245(DRD)                                                    Page 3

his last claim Petitioner maintained the same claims on direct appeal.

The First Circuit in affirming Petitioner's conviction held:

"After a careful review of the record, the court must summarily affirm. Appellant-defendant Angel Santiago Gomez (Santiago) seeks to vacate his guilty plea to a firearm charge after pleading guilty to one count of conspiracy to distribute a controlled substance and one count of aiding and abetting in the possession of a firearm in furtherance of a drug trafficking crime.  He alleges that there was insufficient factual basis for the plea to the firearm charge, and, therefore, the district court erred in failing to assure that his plea to that charge was voluntary and knowingly.  He maintains that the court failed to define "aiding and abetting" or the mens rea of the offense.  Because he raises these issues for the first time on appeal, we review for plain error."

"In this instance, Santiago depends heavily upon his statement to the probation officer at the pre sentence investigation interview, and made only after he pleaded guilty, that he had opposed his co-defendant's carrying a firearm and had not known it was in is car; nonetheless, he explicitly pleaded guilty to both counts and answered the court's inquiries regarding the firearm."

The First Circuit went on th review in detail the colloquy of that transpired between Petitioner and the court during the change of plea hearing.  The Court held:

"At the plea hearing, the court explored the situation diligently, asking: "I understand that the person carrying the firearm was Godwin Rivera, but you were basically conspiring and

Civil No. 05-2245(DRD)                                            Page 4

aiding an abetting him.  Were you aware at all times that he had the firearm?"  Santiago replied affirmatively.  At the end of the hearing, the court inquired again whether Santiago was pleading guilty to both counts, and Santiago said that he was.
<u>United States</u> v. <u>Santiago-Gomez</u>, Appeal No. 02-2479(1st Cir. August 31, 2004) (unpublished).

   Petitioner's motion under 28 U.S.C. Sec. 2255 and his supporting brief merely reiterate the assertions and arguments presented in his direct appeal brief.  Therefore, the short answer to Petitioner's claim is that a Sec. 2255 motion may not be used to re litigate an issue that was duly raised on appeal absent highly exceptional circumstances, such as an intervening change in the law. <u>Davis</u> v. <u>United States</u>, 417 U.S. 333. 342 (1974); <u>cf.</u> <u>Singleton</u> v. <u>United States</u>, 26 F. 3d 233, 240 (1st Cir. 1993) ("'[I]ssues disposed of in prior appeal will not be reviewed again by way of a 28 U.S.C. Sec. 2255 motion.'" (quoting <u>Dirring</u> v. <u>United States</u>, 370 F.2d 862,864 (1st Cir. 1967))), <u>cert.</u> <u>denied</u>, 115 S.Ct. 517 (1994).

   As to Petitioner's first issue raised in his 2255 motion has already been resolved on appeal and there are no exceptional circumstance present the Court declines to review the argument.

   As for Petioner's claim of lack of knowledge, mens rea, the same also lacks merit.  Although Petitioner is correct in pointing out that at the Rule 11 hearing the court failed to explain the Government's burden of proof as to his knowledge of the weapon this two was entertained and properly addressed by the First Circuit Court and ruled upon.  The First Circuit held:

   "As for the mens rea issue, Santiago is correct in claiming

Civil No. 05-2245(DRD) Page 5

that, at the Rule 11 hearing, the court did not explain that the government would have to prove that he knowingly aided and abetted another in possessing a firearm in furtherance of a drug conspiracy. However, even where the court fails to inquire into the requisite intent, it can be reasonably inferred in the full context of the plea hearing, there is no error. See United States v. Marrero-Rivera, 124 F.3d 342,352(1st Cir. 1997).  Here, in response to the court's questioning, Santiago admitted that he "knowingly and intentionally possessed" a firearm in furtherance of the drug conspiracy and that he was "basically" aiding and abetting his co-defendant and was "aware at all times" that the firearm was present.  In such circumstance, we do not find that the court lacked a basis in fact for the firearm conviction or that the guilty plea was not knowing and voluntary.  Accordingly, we find no plain error in the court's sentencing."

United States v. Santiago-Gomez Appeal No. 02-2479 (1st Cir. August 31, 2004) (unpublished).

Once again Petitioner is raising issued as part of his 2255 motion that were raised and decided on direct appeal before the First Circuit Court.  As such they will not be entertained by this court. See United States v. Escobar De Jesus, 187 F.3d 148, 159-162 (1st Cir. 1999) (Issues raised on direct appeal, those already resolved, and even those considered waived, are barred in this post-conviction motion).

Finally, Petitioner claims that failure to file a certiorari petition by his attorney, could have, might have, brought him relief form his sentence due to United States v. Booker, 543 U.S. 220(2005)

Civil No. 05-2245(DRD) Page 6

because his case might have been pending at that time.  This claim also fails at law.

The Supreme Court has explicitly held that the failure to file a petition for discretionary review cannot constitute cognizable ineffective assistance of counsel. <u>Pennsylvania</u> v. <u>Finley</u>, 418 U.S. 551, 555 (1987).  Consequently, it has been held that the right to effective counsel is not breached by the failure to file a petition for certiorari by the Supreme Court. <u>Wainwright</u> v. <u>Torna</u>, 455 U.S. 586(1982).

Placing aside the fact that the failure to file a petition of certiorari does not constitute ineffective assistance of counsel, still Petitioner's <u>Booker</u> argument does not prosper.

Petitioner makes a pro-forma allegation that his case would have been remanded in light of <u>Booker</u>.  In order for a defendant to preserve a <u>Booker</u> error a defendant must assert "a constitutional violation, the imposition of enhancements that bring his sentence above the maximum sentence authorized by jury fact-finding or admitted facts." <u>United States </u>v. <u>Fornia-Castillo</u>, 408 F.3d 52, 73 (1st Cir.2005).

A review of the First Circuit's unpublished opinion of Petitioner's appeal clearly demonstrates that the sentencing judge did not go beyond those facts as admitted  by defendant and that the colloquy held between the court and defendant was proper and sufficient to inform defendant of what exactly he was pleading guilty to and to ascertain his knowledge on the matter.  As such petitioner's final argument is also dismissed.

Civil No. 05-2245(DRD)                                                   Page 7

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **ANGEL SANTIAGO GOMEZ,** is not entitled to federal habeas relief on the claim presented. Accordingly, it is ordered that petitioner **ANGEL SANTIAGO GOMEZ's** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.#1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of September 2008.

           s/ Daniel R. Domínguez
           **DANIEL R. DOMINGUEZ**
           **UNITED STATES DISTRICT JUDGE**